WELCH, J.,
dissenting.
hi disagree with the majority opinion for the reasons set forth by Judge Kuhn. In addition, I believe that the Parish did not intend for there to be additional requirements on the bidders other than those established by the version of La. R.S. 38:2227 that was in effect at the time the Parish began advertising for the project. In accepting the bid of Talbot, which complied with the amended version of La. R.S. 38:2227, the Parish evidenced its intent that those were the conditions it intended to place on the bidders. There was no evidence that the Parish intended to make the requirements of the prior law an additional requirement on the bidders.
The purpose of the bid process is to protect the taxpaying citizens of this state by ensuring that public contracts go to the lowest competent bidder, thus saving taxpayer dollars. See Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, '2004-0211 (La.3/18/04), 867 So.2d 651, 656. Talbot was the lowest competent bidder. By reversing the trial court’s decision in this matter, the majority thwarts this purpose as the Parish will not only have to pay Talbot for the work already performed under the contract, but it will also have to pay damages to Phyl-way, which will ultimately be borne by the tax payers and the public fisc.
Thus, I respectfully dissent.